IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILBUR MEDLEY,<br><br>        Petitioner,<br><br>    v.<br><br>SCOTT CERESINI, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>        Respondents. | :<br>:<br>:<br>:<br>:    Civil Action No. 23-214-CFC<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**<u>MEMORANDUM</u>**

Presently pending before the Court is Petitioner Wilbur Medley's ("Petitioner") form Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) The Petition asserts four grounds challenging Petitioner's June 2021 conviction and sentence for second degree burglary (Del. Super. Ct. Case 1903000471). (D.I 1) Petitioner states that he has a "habeas corpus and a post-conviction" motion related to his June 2021 conviction and sentence still pending before the Delaware courts, and explains that he filed the instant Petition during the pendency of the state postconviction proceeding because he "should have been home in December 2021. If [he] wait[s] until all the motions are heard [he] will have maxed out [his] sentence." (D.I. 1 at 9, ¶ 3(d)) For relief, Petitioner asks "to be given [576 days of credit] toward [his] sentence of 2 ½ years Level 5." (D.I. 1 at 15)

In documents filed on March 1, 2023, Petitioner asserts:

> Originally, Petitioner requested that the 576 be applied to his sentence as ordered June 25, 2021. The Petitioner would like

> to respectfully amend the relief sought. On 2-17-2023, [Petitioner] went to sentencing on a separate issue. Had the credit been applied as it was, Petitioner would've been home over a year ago. At his recent sentencing he received an additional 4 years Level 5 for a case that was 4 years old. Had the Petitioner been home, working, and staying out of trouble, the outcome of that sentence could have been different.
>
> Wherefore, given the circumstances, Petitioner would like to request, if there are grounds to do so, that this great Court dismiss the case at hand. If no grounds exist to dismiss [] Petitioner's case would request the original sentence on June 25, 2021 be reimposed.

(D.I. 3 at 30) The Court perceives two possible ways of construing the foregoing filing. Petitioner is either asking to amend his current Petition by adding a claim seeking the dismissal of his most recent Delaware conviction and/or sentence imposed on February 17, 2023, or he is asking the Court to dismiss the instant Petition.

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Given Petitioner's admission that his postconviction motion is still pending in the

Delaware courts, the Court concludes that Petitioner has not yet exhausted state remedies for his Petition.[1]

Accordingly, the Court will summarily dismiss the instant Petition without prejudice to provide Petitioner with an opportunity to exhaust state remedies.[2] The Court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: April 27, 2023

Colm F. Connolly
Chief Judge

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

[2] As previously explained, Petitioner may be attempting to add a claim challenging a conviction and sentence impose in February 2023. Rule 2(e), Rules Governing Section 2254 Case 28 U.S.C. foll. § 2254, provides that a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." "[M]any judges construing the language of Rule 2(e) have determined that when a petitioner seeks relief from different judgments in state court, the petitioner must file separate petitions covering each separate judgment unless judicial economy counsels otherwise." *Lynch v. Garman*, 2018 WL 5984850, at *2 (E.D. Pa. Oct. 15, 2018). Thus, if Petitioner returns to this Court intending to challenge both his 2021 and his 2023 convictions, he should file two separate petitions.